[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12009
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02946-CAP


BARBARA J. LATTIMORE,
ERNEST E. LATTIMORE,

Plaintiffs-Appellants,

versus

WELLS FARGO BANK, N.A.,
Home Loan Legal Department,

Defendant-Appellee,

WELLS FARGO BANK, N.A.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 3, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

In the amended complaint they filed in this case against Wells Fargo Bank, N.A., the Lattimores alleged the following: (1) they gave Terrace Mortgage Company ("TMC") a security deed as collateral for a note; (2) TMC assigned the security deed to Wells Fargo; (3) information regarding their transaction with TMC was sent to Wells Fargo from Mortgage Electronic Registration System ("MERS"), which recorded their loan payments; (4) MERS failed to record TMC's assignment before Wells Fargo commenced its non-judicial foreclosure as the law required; (5) they had made timely payments on their note; and (6) Wells Fargo failed to prove that it was the "holder in due course" of the secured note and lacked standing to institute the foreclosure proceedings. The Lattimores, claiming that Wells Fargo's foreclosure constituted a "fraudulent transfer" under state law, sought injunctive relief under the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and several other federal statutes, regulations, and "other applicable laws."

The district court dismissed their amended complaint for failure to state a claim for relief, *see* Fed. R. Civ. P. 12(b)(6), and entered judgment for Wells Fargo. The Lattimores appeal the judgment.[1] They argue that the district court

---

[1] The Lattimores appeal *pro se*. They were represented by counsel in the district court.

2

improperly dismissed their complaint because they were "not allowed to be heard." That issue aside, they argue that the court erred because the allegations of the amended complaint demonstrate that (1) Wells Fargo committed fraud in moving to foreclose on their property; (2) Wells Fargo committed state-law "wrongful foreclosure"; (3) Wells Fargo acted in bad faith by not providing them with the requested proof of its legal authority to foreclose, and violated the Fair Debt Collection Practices Act ("FDCPA"); (4) Wells Fargo and MERS engaged in a civil conspiracy to create a "fictitious corporation" designed to act as a strawman and to avoid paying local filing fees; (5) MERS and Wells Fargo fraudulently misrepresented themselves as secured creditors for undeserved gain; and (6) Wells Fargo violated the RESPA by not responding to their Qualified Written Request ("QWR"). We find no merit in the Lattimores' arguments and therefore affirm.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We accept the amended complaint's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* The plaintiffs' allegations need not be detailed, but must consist of more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L .Ed. 2d 868 (2009). A complaint is insufficient if it "tenders naked assertions devoid of further factual

3

enhancement." *Id.* (alteration omitted) (citation omitted) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation omitted) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L .Ed. 2d 929 (2007). Although ordinarily the district court may not consider matters outside the face of the complaint when evaluating a Rule 12(b)(6) motion to dismiss, documents attached to the motion to dismiss may be considered if they are central to the plaintiff's claim and their contents are undisputed. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Also, we will not consider an issue raised for the first time on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

4

Georgia law authorizes the transfer of deeds to secure debt, O.G.C.A. § 44-14-64, such as the one the Lattimores executed in this case. To foreclose on a property, Georgia law requires the foreclosing party to hold only the security deed, not the promissory note. *See You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433 (Ga. 2013).

A plaintiff may state a claim under the RESPA for a mortgage-loan servicer's failure to respond to a QWR and recover any actual damages suffered as a result of this failure and additional damages if there is a pattern or practice of noncompliance. 12 U.S.C. § 2605(f)(1). The RESPA provides that the maker of a federally related mortgage loan must disclose to each loan applicant whether the servicing of the loan may be assigned, sold, or transferred while the loan is outstanding. *Id.* § 2605(a). The RESPA also provides that the servicer of a federally related mortgage loan must notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan. *Id.* § 2605(b)(1). This notice of transfer of servicing must be made not more than 15 days after the effective date of the transfer of the servicing of the mortgage loan. *Id.* § 2605(b)(2)(a). The RESPA does not require notice when the underlying note or mortgage is transferred. *See generally id.* § 2605.

Under the RESPA, borrowers may send loan servicers a QWR for information related to the "servicing" of their loans. *Id.* § 2605(e)(1)(A).

5

Servicing is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3). A QWR is defined as a written correspondence, "other than notice on a payment coupon or other payment medium supplied by the servicer," that: (1) enables the servicer to identify the name and account of the borrower, and (2) includes a statement of the reason for the belief of the borrower that the account is in error or provides sufficient detail regarding other information sought by the borrower. *Id.* § 2605(e)(1)(B).

Under the RESPA, as amended on July 21, 2010 by the Dodd-Frank Wall Street Reform and Consumer Protection Act, a servicer must respond and acknowledge receipt of the QWR within five business days of its receipt. *Id.* § 2605(e)(1)(A); Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1463, 124 Stat. 1376, 2184 (2010). A servicer must also, no later than 30 business days after receipt of the QWR, (1) make appropriate corrections in the account of the borrower and send the borrower written notification of the corrections; (2) after conducting an investigation, provide the borrower with a written explanation or clarification including, to the extent applicable, a statement of the reasons for which the servicer believes the account of

6

the borrower is correct, and the name and telephone number of a person who can provide assistance; or (3) after conducting an investigation, provide the borrower with a written explanation or clarification including information requested by the borrower, or an explanation of why the information requested is unavailable or cannot be obtained by the servicer, and the name and telephone number of a person who can provide assistance.  12 U.S.C. § 2605(e)(2).

As a preliminary matter, the Lattimores' brief on appeal presents only one argument: Wells Fargo committed "fraudulent transfer" and violated the RESPA. We therefore deem their other arguments abandoned.  Because the Lattimores' amended complaint contains only conclusory statements and does not allege facts sufficient to state a plausible claim of "fraudulent transfer" or a claim under the RESPA,  the district court did not err in dismissing such claims under Rule 12(b)(6) for failure to state a claim for relief.

AFFIRMED.