[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12357
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61131-KMM


MYRNA TAIARIOL,

Plaintiff-Appellant,

versus

MSC CROCIERE S.A.,
a foreign corporation,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Myrna Taiariol slipped on a step while leaving the theater of the Divina, a cruise ship owned and operated by the defendant, causing her to fall and break her ankle.  She filed a lawsuit, asserting one count of negligence. The defendant moved for summary judgment, which the district court granted.  This is Taiariol's appeal.

## I.

Taiariol and her husband attended several shows at the Pantheon Theatre while aboard the Divina.  During one show, Taiariol sat in the front row of the balcony, which required her take a step up to reach her seat.  That step, like many of the other steps on the Divina, had a protective cover, known as nosing, on the exterior edge of the step to protect the edge from wear.  The nosing — a metal wear strip with a rubber strip down the middle of it — projected slightly beyond and extended entirely across the outside edge of the step.  The step was brightly illuminated by a strip of lights running along its edge.  While leaving the theater after the show, Taiariol slipped on the metal strip as she stepped down from the step, causing her to fall and break her right ankle.

Taiariol filed a one-count complaint alleging that the defendant negligently failed to warn of the step's "dangerous, slippery, and unsafe condition."  The defendant moved for summary judgment arguing that the alleged condition was open and obvious, that it did not create the alleged condition, and that it did not

2

have notice of the alleged condition.  The district court granted summary judgment in favor of the defendant.

## II.

We review <u>de novo</u> a district court's grant of summary judgment.  <u>Liebman v. Metro. Life Ins. Co.</u>, 808 F.3d 1294, 1298 (11th Cir. 2015).  Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We view the evidence in the light most favorable to Taiariol as the nonmoving party.  <u>See</u> <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1299 (11th Cir. 2002).

Maritime law governs the liability of a cruise ship for a passenger's slip and fall.  <u>Sorrels v. NCL (Bahamas) Ltd.</u>, 796 F.3d 1275, 1279 (11th Cir. 2015).  "In analyzing a maritime tort case, we rely on general principles of negligence law."  <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1336 (11th Cir. 2012).  To prevail on a negligence claim, a plaintiff must show that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm."  <u>Id.</u>

"Under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances."  <u>Sorrels</u>, 796 F.3d at 1279 (quotation marks omitted).  That standard requires "as a prerequisite to

3

imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." Id.; see also Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989) (same). And, as both parties acknowledge, an operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious. See, e.g., Samuels v. Holland Am. Line-USA, Inc., 656 F.3d 948, 954 (9th Cir. 2011).

Taiariol contends that a genuine issue of material fact existed with respect to whether the slippery condition of the nosing was open and obvious. But even if we accept that argument, summary judgment was proper because she did not present evidence that the defendant had notice of any risk-creating condition. She contends that she presented evidence that the defendant should have had notice of the risk-creating condition in this case because several incidents similar to hers had occurred on its ships. She also argues that the presence of a "watch your step" sticker on the nosing of the step on which she slipped provides evidence that the defendant had notice of the nosing's slippery condition. We disagree.

First, as the district court explained, the "similar incidents" Taiariol presented are similar to her incident only to the extent that a person fell while on board one of the defendant's cruise ships, not that those incidents involved falls caused by the nosing. That evidence is not enough to create an issue of fact as to whether the defendant had notice of the nosing's slippery condition. As this Court

4

has previously stated, a plaintiff must present evidence of accidents that are substantially similar to hers.  Jones v. Otis Elevator Co., 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident").  That means that, while Taiariol was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, see Sorrels, 796 F.3d at 1287 ("The 'substantial similarity' doctrine does not require identical circumstances . . . ."), she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps.

Taiariol has not done so.  She produced evidence of incidents where passengers allegedly fell down a step or steps because there was no handrail or the passenger was distracted by a crew member; tripped on electrical cords, on camouflaged steps, or on other objects; or slipped on marble stairs or on steps that were not adequately marked.  Those incidents are not "substantially similar." Although all of them involve tripping or slipping, none of them involves slipping on the nosing of one of the ship's steps.

In addition, the defendant presented evidence that there were no similar accidents on its ship.  The Divina's safety officer testified that he went through the

5

Divina's accident reports but found "no accident similar to the one that happened to Ms. Taiariol in the theater." He testified that he recalled three or four other persons slipping in the Pantheon Theatre in the three years before Taiariol's incident, but that those slips and falls did not involve a step's nosing.

Although she argues in her brief to this Court that the nosing she slipped on was defective because it had been "worn down" below the metal strip, that argument is not evidence. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1270 (11th Cir. 2013) ("Statements by counsel in briefs are not evidence.") (quotation marks omitted). In his deposition, the safety officer confirmed that the nosing's rubber strip was slightly below the metal strip, but there is no evidence that the nosing was defective, or even that it was different from the nosing of other steps.[1] Based on that, there is no evidence that indicates that he knew or should have known that the step's nosing was dangerously slippery or even more slippery than other steps' nosing. The inquiry is not whether the defendant had notice of an object or its physical specifications, but instead, whether the defendant had notice of a risk-creating condition. See Sorrels, 796 F.3d at 1286; see, e.g., Keefe, 867 F.2d at 1322 ("[The defendant's] liability thus hinges on whether it knew or should have known about the treacherous wet spot."). As a result, that evidence does not

---

[1] In any event, it is not clear from the record whether the safety officer knew before the incident that the rubber strip was sunken into the metal strip, or whether he discovered it after investigating the incident.

6

create an issue of fact as to whether the defendant had notice of the nosing's slippery condition.

Second, the "watch your step" sticker on the step does not raise an issue of fact as to whether the defendant had notice of the nosing's slippery condition. Common sense dictates that the sticker served to caution persons on the ship that the step was there; that is, it warned passengers that the surface was not flat. There is no evidence that it was intended to warn passengers that the nosing may be slippery. Even viewed in the light most favorable to Taiariol, we cannot see how that sticker provides any evidence that the defendant had notice that the step's nosing was dangerously slippery.

Because Taiariol failed to produce evidence that the defendant had notice, either actual or constructive, of the nosing's slippery condition, and because notice is a prerequisite to imposing liability, Keefe, 867 F.2d at 1322, the district court did not err in granting summary judgment to the defendant. Because we affirm the district court's grant of summary judgment on that basis, we do not address Taiariol's arguments challenging the district court's alternative grounds for granting summary judgment.

**AFFIRMED.**