[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15491

_____

D.C. Docket No. 0:15-cv-61734-AOR

CAROL GORCZYCA,

Plaintiff - Appellant,

versus

MSC CRUISES, S.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 6, 2017)

Before JORDAN and JILL PRYOR, Circuit Judges, and DUFFEY,[*] District Judge.

PER CURIAM:

_____

[*]Honorable William S. Duffey, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

On October 18, 2014, Carol Gorczyca boarded the *Divina*, an MSC Cruises ship, for a 7-night voyage. On October 23, she fell and was injured while descending a stairway of the Pantheon Theater aboard the *Divina*. She sued MSC for negligence, alleging that the metal nosing on the strip of the step on which she tripped was loose, that the LED lights attached to the metal strip emitted a blinding glare, and that there was no handrail for her to hold onto as she descended the steps.

MSC asserted that it did not design or manufacture any of the alleged dangerous conditions, that it did not have actual or constructive notice of the alleged dangerous conditions, and that any alleged dangerous conditions were open and obvious. Following discovery, MSC moved for summary judgment. The district court ruled that MSC was entitled to summary judgment because, based on the undisputed facts, MSC did not create the alleged dangerous conditions and had no actual or constructive notice of the conditions. The district court did not reach MSC's third argument regarding the open and obvious nature of the conditions.

Ms. Gorczyca timely filed this appeal. Following oral argument, and a review of the record, we affirm.

# I

We review the district court's grant of summary judgment *de novo*. *See Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). We view

the evidence in the light most favorable to Ms. Gorczyca, the nonmoving party. *See Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is proper only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under maritime law, the owner of a ship in navigable waters owes to passengers "the duty of exercising reasonable care under the circumstances." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). To prevail on a negligence claim, a plaintiff must prove that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *See Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015).

This standard of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Actual notice exists when the defendant knows of the risk-creating condition, while constructive notice exists when "the shipowner ought to have known of the peril to its passengers, the hazard

3

having been present for a period of time so lengthy as to invite corrective measures." *Id*. Here, Ms. Gorczyca failed to create an issue of fact as to whether MSC had either actual or constructive notice of the alleged conditions.

## II

As the district court noted, Ms. Gorczyca presented no evidence that MSC had actual notice of any of the three allegedly dangerous conditions. Ms. Gorczyca argues that Ryan Allain, MSC's corporate representative, testified at his deposition that MSC was aware that the metal nosing on the step on which she tripped was loose prior to her fall, but we disagree. Mr. Allain testified only that he was aware the nosing was loose "when [plaintiff's attorney] inspected" the nosing after the incident. Additionally, Ms. Gorczyca acknowledges that MSC had no actual knowledge of any hazards associated with the LED lights or the lack of handrails.

Ms. Gorczyca also failed to present any evidence of prior accidents substantially similar to hers that would provide MSC with constructive notice of the alleged dangerous conditions. *See Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988) (although "evidence of similar accidents might be relevant to the defendant's notice . . . conditions substantially similar to the occurrence in question must have caused the prior accident"). She argues that Mr. Allain's deposition testimony reveals numerous substantially similar accident reports, but she is incorrect. Mr. Allain did testify that there were between five and ten

4

"accident reports" from falls in the Pantheon Theater over the two years prior to Ms. Gorczyca's fall. But none of these falls occurred on the same step or area as where Ms. Gorczyca fell, and none of them were allegedly due to a loose metal nosing. In fact, Ms. Gorczyca provided no evidence that any of these accident reports resulted from a passenger tripping on the metal nosing of the steps of the Pantheon Theater. And, as the district court explained, Ms. Gorczyca also provided no evidence of any prior accident reports in the theater due to allegedly faulty LED lights or the lack of handrails.

Ms. Gorczyca maintains that another passenger behind her tripped and fell on the same step and grabbed onto her; that another passenger informed the MSC staff person who was giving ice to her that she had also fallen in the theater the night before; and that a different passenger had filed an accident report after falling on the very same step on which she had tripped. These incidents, however, all occurred, or were reported, *after* Ms. Gorczyca's fall, and thus they fail to prove MSC had any prior notice of a defective condition.

Ms. Gorczyca also relies on a recent slip and fall incident in the Pantheon Theater which resulted in a lawsuit against MSC, and which was recently reviewed by this Court. *See Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir. 2017). In *Taiariol*, however, this Court affirmed the district court's grant of summary judgment to MSC because Ms. Taiariol had not proved actual or

5

constructive notice. *See id.* at 601 ("[T]he 'similar incidents' [Ms.] Taiariol presented are similar to her incident only to the extent that a person fell while on board one of the defendant's cruise ships, not that those incidents involved falls caused by the nosing."). Ms. Taiariol had "slipped on the metal strip" of a step in the theater, and had alleged that the step's "dangerous, slippery, and unsafe condition" caused her injuries. *Id.* at 600. We ruled that "while [Ms.] Taiariol was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip . . . she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps." *Id.* at 601. The same reasoning applies here, because Ms. Gorczyca has failed to produce evidence that any other passengers before her tripped on the steps of the Pantheon Theater due to a faulty or loose metal nosing. As we stated in *Taiariol*, "[t]he inquiry is not whether the defendant had notice of an object or its physical specifications, but instead, whether the defendant had notice of a risk-creating condition." *Id.* at 602 (citing *Sorrels*, 796 F.3d at 1286).

Ms. Gorczyca contends that MSC knew of the dangerous condition of the steps because it placed "Watch Your Step" stickers on each of the steps in the theater. We rejected this very same argument in *Taiariol*, stating that "[c]ommon sense dictates that the sticker served to caution persons on the ship that the step

was there," not that it was intended "to warn passengers that the nosing may be slippery" (or, in this case, loose). 677 F. App'x at 602. Ms. Gorczyca has not presented any factual or legal basis for us to deviate from the reasoning in *Taiariol*.

Finally, Ms. Gorczyca argued before the district court that where the defendant itself creates a dangerous condition or situation, the notice requirement does not apply. *See Rockey v. Royal Caribbean Cruises, Ltd.*, No. 99-708-CIV-GOLD, 2001 WL 420993 at \*\*4-5 (S.D. Fla. Feb. 20, 2001). She failed to raise this argument, however, in her briefs or at oral argument, and has thus waived the issue. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1303 (11th Cir. 2007) (failure to raise an issue properly on appeal waives any argument as to that issue). *See also Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (a party's failure to elaborate on an issue on its merits in a brief, even if a passing reference is made to the district court's disposition of the issue, constitutes a waiver of that issue).

## III

In sum, the district court did not err in granting summary judgment to MSC. As a result, we affirm.

**AFFIRMED.**