[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15228
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21484-RNS

JAMES THOMPSON,

Plaintiff-Appellant,

versus

C. DEL LA PAZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

James Thompson, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his complaint alleging that prison officer C. Del La Paz interfered with his First Amendment rights to access the courts and receive legal mail in prison.

Thompson's claims in this case stem from an earlier civil rights action he filed in federal district court. The magistrate judge recommended dismissing that earlier action for failure to state a plausible claim for relief, but Thompson did not receive the report and recommendation within the 14-day period for filing objections because the court did not have his updated mailing address. After that 14-day period passed, the court issued an order noting that no objections were filed, accepting the magistrate judge's analysis that the complaint did not state a plausible claim for relief, and adopting the magistrate judge's recommendation to dismiss the case. Thompson eventually received the report and recommendation and filed a response to the report along with a motion for reconsideration. After considering Thompson's response and his motion, the district court summarily denied the motion.

Thompson now alleges two claims against Del La Paz. First, he alleges that Del La Paz violated Thompson's right to access the courts by preventing him from receiving the report and recommendation. Second, he alleges that Del La Paz interfered with his right to receive legal mail. The district court ruled that

2

Thompson failed to state plausible claims for relief and dismissed his complaint. This is Thompson's appeal.

We review de novo the district court's dismissal of Thompson's complaint. Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  Although we liberally construe Thompson's pro se complaint, we apply the familiar standard that "a complaint must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face."  Id.  We may take judicial notice of the district court's records.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

The district court did not err in dismissing Thompson's complaint for failure to state plausible claims for relief.  His claims that Del La Paz violated his right to access the courts and interfered with his legal mail are meritless because he does not allege any facts showing that it was Del La Paz who prevented him from receiving the report and recommendation.  The record from the earlier action actually indicates that Thompson did not timely receive the report and recommendation because the court did not have his updated address; Thompson's conclusory assertions that Del La Paz was at fault are not enough to raise plausible claims for relief.[1]  See Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir.

---

[1] Thompson attaches to his brief several grievance forms concerning his complaints about the handling of his mail, but those forms do not mention Del La Paz.  Thompson's argument that the forms show a policy or custom of interfering with his mail fails because he did not raise that

2012) ("[I]f allegations are . . . more conclusory than factual, then the court does not have to assume their truth.").

**AFFIRMED.**

---

argument in the district court.  See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1281 (11th Cir. 2001) ("Issues raised for the first time in this Court are generally not considered because the district court did not have the opportunity to consider them.") (quotation marks omitted); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that abandonment rules apply to pro se briefs).  He has also abandoned any argument that the district court abused its discretion in denying him leave to amend his complaint because he failed to raise that argument in this appeal. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) ("Issues not clearly raised in the briefs are considered abandoned.") (quotation marks omitted).