[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14047
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cv-21890-DLG

AIDA ESTHER CHAPARRO,
Individually,
CEFERINO PEREZ,
Individually,
AMILKAR PEREZ CHAPARRO,
Individually,
CEFERINO PEREZ AND AIDA ESTHER CHAPARRO,
as the Personal representatives of the Estate of Liz
Marie Perez Chaparro,

                                                Plaintiffs-Appellants,

versus

CARNIVAL CORPORATION,
a foreign corporation,
d.b.a. Carnival Cruise Lines,

                                                Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(September 5, 2012)

Before DUBINA, Chief Judge, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Appellants Ceferino Perez and Aida Esther Chaparro, individually and as the personal representatives of the estate of their daughter, Liz Marie Perez Chaparro ("Liz Marie"), and Amilkar Perez Chaparro (collectively "Appellants") appeal the district court's Rule 12(b)(6) dismissal of their complaint against Appellee, Carnival Corporation ("Carnival"), for negligence and negligent infliction of emotional distress. The district court found that dismissal was warranted because the complaint's allegations were conclusory and insufficiently factual. We disagree and reverse the judgment of dismissal.

## I.

Liz Marie and Appellants (her parents and brother) took a vacation aboard a Carnival cruise ship, the *M/V VICTORY*. Appellants allege that an unidentified Carnival employee encouraged Liz Marie's father and brother to visit Coki Beach and Coral World upon disembarking the ship in St. Thomas, Virgin Islands. On July 12, 2010, Appellants left the ship and traveled to Coki Beach independently of the ship's sponsored excursions in St. Thomas. On their way back to the ship from Coki Beach, Appellants and Liz Marie rode an open-air bus past a funeral service of a gang member who recently died in a gang-related shooting near Coki

2

Beach. Cars of funeral attendees were parked along the narrow road, blocking the bus's passage. While stuck in traffic, gang-related, retaliatory violence erupted at the funeral, shots were fired, and Liz Marie was killed on the bus as an innocent passerby.

Appellants sued Carnival in the Southern District of Florida, claiming that Carnival negligently failed to warn them about the crime problem, reported gang-related violence, and potential for public shootings in St. Thomas generally, and Coki Beach specifically. They further alleged that Carnival's negligent failure to warn resulted in Carnival's negligent infliction of emotional distress. The district court granted Carnival's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), giving Appellants leave to amend their complaint. Appellants chose not to amend their complaint, rather, they timely appealed the district court's order dismissing their case.

## II.

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012).

## III.

3

The district court concluded that dismissal under Rule 12(b)(6) was appropriate because many of the complaint's key allegations were conclusory rather than factual, and thus, the pleading failed to satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  Appellants contend that the complaint's allegations are more than adequate to survive a motion to dismiss.  Carnival, rather than discussing the sufficiency of the pleading, argues that Appellants' case is based upon a heightened duty of care that exceeds the reasonable ordinary care standard recognized by controlling maritime law.  Before discussing the pleading standard under *Iqbal*, we first address the more fundamental issue raised by Carnival—*i.e.*, whether Carnival has a duty to warn passengers of known dangers at ports of call.

*A. The duty to warn*

In Count I of their complaint, Appellants allege that Carnival negligently failed to warn them of general and specific dangers of crime in St. Thomas and Coki Beach.  "In analyzing a maritime tort case, we rely on general principles of negligence law." *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980).[1]  To plead negligence, a plaintiff must allege that (1) the defendant had a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

4

duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (per curiam) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). Concerning the duty element in a maritime context the Supreme Court held in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S. Ct. 406, 409 (1959) that "a shipowner owes the duty of exercising *reasonable care* towards those lawfully aboard the vessel who are not members of the crew." (emphasis added). We have likewise said that,

> the benchmark against which a shipowner's behavior must be measured is *ordinary reasonable care under the circumstances*, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure.

*Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (emphasis added).

More specifically, a Florida intermediate appellate court has said that a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit. *Carlisle v. Ulysses Line Ltd., S.A.*,475 So. 2d 248, 251 (Fla. Dist. Ct. App.

5

1985).  In spite of Carnival's objection that *Carlisle* is an improper expansion of a shipowner's liability to passengers, the Southern District of Florida has often acknowledged and applied the standard articulated in *Carlisle*.  *See, e.g.*, *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1219–1220 (S.D. Fla. 2011); *McLaren v. Celebrity Cruises, Inc.*, No. 11–23924–CIV, 2012 WL 1792632, at *8–9 (S.D. Fla. May 16, 2012); *Gentry v. Carnival Corp.*, No. 11–21580–CIV, 2011 WL 4737062, at *3 (S.D. Fla. Oct. 5, 2011).  It is true that federal courts are not bound by a Florida state court's admiralty decision, *see E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864, 106 S. Ct. 2295, 2299 (1986), but the rule in *Carlisle* is consonant with the federal maritime standard of "ordinary reasonable care under the circumstances," *see Keefe*, 867 F.2d at 1322.

Carnival also argues that dismissal was appropriate because Liz Marie's shooting death was unforeseeable, and that there is no duty to warn of an unforeseeable danger.  *See Daigle*, 616 F.2d at 827 (stating that a failure to warn does not constitute a breach in the duty of care "unless the resultant harm is reasonably foreseeable").  Appellants have alleged, however, that Carnival was aware of gang-related violence and crime, including public shootings, in St. Thomas generally and near Coki Beach specifically.  At the pleading stage of

6

litigation, we ask only if plaintiffs have adequately stated a claim for which relief can be granted.  Carnival's argument on foreseeability is more appropriate after discovery at the summary judgment stage or at trial.

### 2. The sufficiency of the pleading

Having established the scope of Carnival's duty, we next address the district court's findings on the sufficiency of Appellants' complaint.  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.  Rather, "[t]o survive . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  A facially plausible claim must allege facts that are more than merely possible.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Factual allegations

that are "'merely consistent with' a defendant's liability" fall short of being facially plausible. *Id.* at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153–54 (11th Cir. 2011).

Appellants' complaint alleges the following: a Carnival employee encouraged Appellants to visit Coki Beach in St. Thomas; Carnival was familiar with Coki Beach because it sold excursions there; Carnival generally knew of gang violence and public shootings in St. Thomas; Carnival knew of Coki Beach's reputation for drug sales, theft, and gang violence; Carnival knew or should have known of the gang member's shooting and funeral taking place near Coki Beach; Carnival failed to warn Appellants of any of these dangers; Carnival knew or should have known of these dangers because Carnival monitors crime in its ports of call; Carnival's negligence in encouraging its passengers to visit Coki Beach and in failing to warn disembarking passengers of general and specific incidents of crime in St. Thomas and Coki Beach caused Liz Marie's death; and Appellants have suffered various damages, including the loss of Liz Marie's life. This

8

negligent failure-to-warn claim is more than a mere recitation of the elements of the cause of action. The facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of Carnival's liability. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. We consequently conclude that the district court erred in dismissing Appellants' negligence claim under *Iqbal*.

The district court also dismissed Count II, the claim for negligent infliction of emotional distress, because that claim requires an adequately pled underlying claim of negligence. Because Appellants pled negligence sufficiently, we conclude that they likewise stated a valid claim for negligent infliction of emotional distress. Such a claim requires "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 544, 114 S. Ct. 2396, 2405 (1994) (discussing tort claims brought under the Federal Employers' Liability Act). Common law standards vary in what sort of harm the plaintiff must suffer (an actual "physical impact," presence in the "zone of danger," or status as a mere bystander), but federal maritime law has adopted *Gottshall*'s application of the "zone of danger" test which allows recovery if a plaintiff is "placed in

9

immediate risk of physical harm by [defendant's negligent] conduct." *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010)*; Williams v. Carnival Cruise Lines, Inc.*, 907 F. Supp. 403, 406 (S.D. Fla. 1995). The complaint alleges that Appellants were trapped in the bus during the shooting near Coki Beach, that they feared for their lives, that they witnessed Liz Marie's shooting and death, and that they have consequently experienced various physical manifestations of their emotional distress. Thus, we hold that Appellants' claim for negligent infliction of emotional distress also was dismissed erroneously.

## IV.

Appellants' complaint sufficiently states claims for which relief can be granted. Therefore, we reverse the district court's judgment of dismissal and remand this case for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**