[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12566
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21986-UU

LENITAMAE SMITH,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Lenitamae Smith, proceeding *pro se*, appeals the district court's final judgment in favor of Miami-Dade County in her employment discrimination suit under Titles I, II, and V of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, 12132, and 12203, and the Florida Civil Rights Act, Fla. Stat. § 760.10. Ms. Smith asserted discrimination and retaliation claims after Miami-Dade failed to rehire her pursuant to its policy of not rehiring former employees with long-term absences. On appeal, Ms. Smith argues that the district court erred by dismissing her disparate-treatment and retaliation claims for failure to state a claim. She also contends that the district court erred by granting summary judgment on her disparate-impact claims. Finally, she asserts that she had a contractual right to be rehired.

Miami-Dade, in response, argues that we lack jurisdiction to consider Ms. Smith's disparate-treatment and retaliation claims and that the district court properly granted summary judgment on the disparate-impact claims because Ms. Smith failed to show that Miami-Dade's policy disproportionately impacted disabled persons. Lastly, Miami-Dade argues that we should not address the breach-of-contract argument because Ms. Smith did not raise that claim in the district court.

After review of the record and consideration of the parties' briefs, we affirm.

**I**

Ms. Smith began working as a part-time bus operator for Miami-Dade in 2005. In 2006, Mr. Smith reported late to work three times, and called in sick eight times within a fifteen-day period. In January of 2007, Ms. Smith suffered work-related injuries and took medical leave until November of 2007. In November of 2007, Miami-Dade terminated Ms. Smith's employment due to her repeated tardiness and absenteeism.

Following her termination, Ms. Smith filed a worker's compensation claim arising from her injury, and the parties entered into a settlement agreement on September 23, 2009. Ms. Smith subsequently sought reinstatement multiple times. Miami-Dade refused to rehire her due to her prior tardiness, excessive absences, and its policy of not rehiring former employees with a history of long-term work absences during the last three years of their employment.

Ms. Smith sued under the ADA and FCRA, alleging Miami-Dade intentionally discriminated against her and that the no-rehire policy had a disparate impact on persons with disabilities. Miami-Dade then filed a counterclaim, alleging that Ms. Smith's suit was a breach of the parties' worker's compensation settlement agreement. Ms. Smith subsequently amended her complaint, alleging that Miami-Dade's counterclaim was unlawful retaliation for her discrimination suit.

On Miami-Dade's motion, the district court dismissed Ms. Smith's disparate-treatment and retaliation claims for failure to state a claim. With regard to the disparate-treatment claims, the district court ruled that Ms. Smith pled that her failure to be rehired was due to the application of Miami-Dade's neutral policy rather than her disability. With regard to the retaliation claim, the district court ruled that Ms. Smith failed to allege that Miami-Dade's counterclaim lacked a reasonable basis in fact or law.

Subsequently, Miami-Dade moved for summary judgment, and the district court granted that motion on Ms. Smith's disparate-impact claims. The district court found that Ms. Smith failed to provide any evidence establishing a genuine issue as to whether Miami-Dade's no-rehire policy had a disparate impact on persons with disabilities. After granting summary judgment on Ms. Smith's disparate-impact claims, the district court declined to exercise supplemental jurisdiction over Miami-Dade's breach of contract counterclaim. Ms. Smith now appeals.

## II

Before we discuss Ms. Smith's arguments on appeal, we address Miami-Dade's contention that we lack jurisdiction over the disparate-treatment and retaliation claims because Ms. Smith's notice of appeal referenced only the summary judgment order. Miami-Dade argues that Ms. Smith indicated her intent

4

not to appeal the district court's non-final orders by listing only the summary judgment order, and as a result we now lack jurisdiction to consider those orders on appeal. This argument is simply wrong.

An appeal from a final judgment brings up for review all preceding non-final orders. *See Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014). "[I]t is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1374 (11th Cir. 1983) (internal quotations and citation omitted). Because Ms. Smith's notice of appeal indicated that she was appealing the district court's final judgment, it brought up for review all preceding non-final orders, including the order granting Miami-Dade's motion to dismiss. Thus, we have jurisdiction to consider Ms. Smith's appeal of the district court's order dismissing the disparate-treatment and retaliation claims.

## III

We first review the district court's dismissal of Ms. Smith's disparate-treatment and retaliation claims. A district court's grant of a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We accept the amended complaint's allegations as true and construe them in the light most

5

favorable to Ms. Smith. *Id.* The allegations need not be detailed, but must consist of more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## A

In the district court, Ms. Smith's disparate-treatment claims were brought under Titles I and II of the ADA and the FCRA. On appeal, Ms. Smith argues that the district court erred in dismissing these claims. In her initial brief, she cites Title I of the ADA, the ADA Amendments Act, and Title VII of the Civil Rights Act of 1964. When Miami-Dade argued that she abandoned any claims under Title II of the ADA, she cited the ADA generally, the ADA Amendments Act, and the FCRA in her reply brief.

Ms. Smith failed to make any arguments applicable to Title II in either brief, so any Title II disparate-treatment claims are abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2010) (providing that, although we liberally construe *pro se* pleadings, issues that a *pro se* litigant has not clearly raised on appeal are deemed abandoned). Ms. Smith needed to make and support her Title II arguments rather than just refer to the ADA generally. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue

6

in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."). Further, any Title VII claim is also improperly raised because Ms. Smith presents it for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (providing that we do not consider issues not raised at the district court and raised for the first time on appeal). Therefore, we will review Ms. Smith's disparate-treatment claim only under Title I.[1]

**B**

Title I of the ADA provides that employers shall not discriminate against qualified individuals on the basis of disability. 42 U.S.C. § 12112(a). The burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), used in Title VII employment-discrimination claims, also applies to ADA claims. *Holly*, 492 F.3d at 1255. Accordingly, a plaintiff must first present a *prima facie* case of discrimination to shift the burden to the employer to articulate a legitimate nondiscriminatory reason for its action. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendant meets its burden, the plaintiff must then demonstrate that defendant's proffered reason is pretextual. *Id.*

---

[1] Although Ms. Smith did not properly raise her FCRA claim on appeal, it is of no practical consequence because disability discrimination claims under the FCRA are analyzed in the same manner as ADA claims. *See Holly v. Clairson Indus. L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

7

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must allege that (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability. *Holly*, 492 F.3d at 1255-56. A plaintiff bringing a disparate-treatment claim under the ADA must allege that the disability actually motivated the employment decision. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). When there is a neutral no-rehire policy, the only relevant question is whether the petitioner made its employment decision based on the plaintiff's status as a disabled person. *Id.* at 53.

Ms. Smith fails to explain why the district court improperly dismissed her disparate-treatment claims. Ms. Smith acknowledges that she was ineligible for employment under Miami-Dade's facially neutral no-rehire policy. And she claims that Miami-Dade refused to rehire her under the policy due to her past absences, despite the fact that she was otherwise objectively qualified. Because Ms. Smith pled that she was not rehired due to the application of a neutral policy—not because of her disability—the district court properly concluded that Ms. Smith failed to allege claims of disparate treatment.

## C

Ms. Smith next argues on appeal that Miami-Dade's counterclaim was retaliatory in nature and prohibited under Florida state law, Title VII of the Civil Rights Act of 1964, Title I of the ADA, and the ADA Amendments Act. In the

district court, Ms. Smith alleged that her retaliation claim was based on violations of Title II of the ADA and she cited the anti-retaliation provision of Title V. Although she technically fails to identify the proper statute on appeal, she is clearly appealing her single retaliation claim, which was properly raised in the district court. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (construing *pro se* pleadings liberally).

The ADA prohibits discrimination against an individual on the basis of such individual's opposition to an unlawful act under the ADA or because that individual made a charge under the ADA. 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation, Ms. Smith must allege that "(1) [s]he engaged in a statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there was a causal link between the adverse action and h[er] protected expression." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001). Ms. Smith needed to allege "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). The district court dismissed the retaliation claim, finding that Ms. Smith failed to allege an adverse

9

employment action because she never alleged that Miami-Dade's counterclaim lacked a reasonable basis in fact or law.

We have never discussed what amounts to an adverse action in the factually-specific scenario of a counterclaim, but the Supreme Court and at least one other circuit has in analogous contexts. *See Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 748-49 (1983) (explaining when an employer's lawsuit may be the basis of a retaliation claim under the National Labor Relations Act); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008) (discussing, under the Fair Labor Standards Act, the allegations required to support a retaliation claim based upon an employer's suit against the employee). These cases explain that the plaintiff must allege that the lawsuit or counterclaim was filed with a retaliatory motive and was lacking a reasonable basis in fact or law. *See Bill Johnson's*, 461 U.S. at 748; *Darveau*, 515 F.3d at 343. The district court properly relied upon this standard, and Ms. Smith failed to meet it.

At best, Ms. Smith's complaint alleges that Miami-Dade filed the counterclaim to burden her with the costs of defending it, and that the claim stems from the settlement agreement, which she claims does not bar her discrimination suit. But merely alleging that Miami-Dade will ultimately lose on the merits is different than alleging that Miami-Dade had no reasonable basis in fact or law to file a counterclaim in the first place.

10

In fact, the settlement agreement suggests a reasonable basis for Miami-Dade's counterclaim.  Paragraph 22 of the settlement agreement provides that Ms. Smith "agree[s] not to bring any suit, claim, demand, action or litigation in any forum or court . . . on any issue or matter or cause arising or allegedly arising out of . . . *employment* . . . ."  [DE 22-1 ¶ 22] (emphasis added).  Under this paragraph, Miami-Dade had, at least, a reasonable basis for bringing a counterclaim alleging that Ms. Smith's discrimination suit violated the terms of the settlement agreement.  In sum, Ms. Smith failed to properly state a claim for retaliation.[2]

## IV

We review *de novo* a district court's grant of summary judgment, considering only the evidence available to the district court.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  *Id.* at 836-37.

## A

---

[2] When ruling upon a motion to dismiss, a district court generally may not consider materials outside of the pleadings.  But the court "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).  The settlement agreement is central to Ms. Smith's retaliation claim because she alleges that the settlement agreement related only to her workplace injury and did not bar her from bringing suit based on her employment.  Further, we note there is no dispute as to the authenticity of the agreement.

Ms. Smith's disparate-impact claims were brought under Titles I and II of the ADA and the FCRA.  On appeal, Ms. Smith argues that the district court erred in granting summary judgment on those disparate-impact claims.  In her initial brief, Ms. Smith cites Title I, the ADA Amendments Act, and Title VII of the Civil Rights Act of 1964.  After Miami-Dade argued that she had abandoned any arguments under Title II, she cited the ADA generally, the ADA Amendments Act, and the FCRA in her reply brief.

As we held with regard to her disparate-treatment claims, Ms. Smith failed to address any arguments under Title II in either brief.  Thus, any Title II disparate-impact claims are abandoned.  *See Timson*, 518 F.3d at 874; *Hamilton*, 680 F.3d at 1319.  Further, any Title VII claim was also improperly raised, as Ms. Smith failed to raise this claim in the district court.  *See Access Now*, 385 F.3d at 1331. Therefore, we will review Ms. Smith's disparate impact claim only under Title I.[3]

**B**

Title I prohibits employers from discriminating on the basis of disability.  42 U.S.C. § 12112(a).  Discrimination under Title I includes using qualification standards or other selection criteria that screen out or tend to screen out disabled persons unless the standard or other selection criteria, as used by the employer, is

---

[3] As was the case with her disparate-treatment claims, Ms. Smith's failure to properly preserve an argument on appeal under the FCRA on her disparate-impact claims is of no practical consequence here because disability discrimination claims under the FCRA are analyzed in the same manner as ADA claims. *See Holly*, 492 F.3d at 1255.

shown to be job-related for the position in question and consistent with business necessity.  42 U.S.C. § 12112(b)(6).

"[D]isparate-impact claims involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."  *Raytheon Co.*, 540 U.S. at 52 (internal quotations omitted).  For a disparate-impact claim to succeed, a plaintiff must show that a facially neutral employment practice had a significant discriminatory effect on a single group of people.  *Stephen v. PGA Sheraton Resort, Ltd.*, 873 F.2d 276, 278-79 (11th Cir. 1989).

Further, to establish a *prima facie* case of disparate impact, a plaintiff must provide comparative evidence showing that a policy has a disparate impact on the disabled.  *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218 (11th Cir. 2008) (holding that a district court correctly rejected a disparate-impact claim because the plaintiff completely failed to present relevant comparative evidence).  It is not sufficient to show that a few people are affected by a policy.  *See id.* ("[S]imply showing that a few houses are affected by an ordinance does not come close to establishing disparate impact.").  The disparity of the evidence provided must be substantial enough to raise an inference of causation.  *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994).

13

Ms. Smith's disparate-impact claim stems from Miami-Dade's no-rehire policy, which prevents former employees with a history of long-term absences from being rehired. Ms. Smith, however, has provided none of the evidence necessary to make out a *prima facie* case. Her argument that she was adversely affected by the no-rehire policy is insufficient and does not show a significant discriminatory effect on disabled individuals as a group. Thus, the district court did not err in granting summary judgment on Ms. Smith's disparate-impact claim.

## V

Finally, we will not address Ms. Smith's breach-of-contract argument, as she did not plead that theory in her complaint or otherwise raise it in the district court. Although we construe *pro se* pleadings liberally, *pro se* litigants still must comply with procedural rules. *Albra*, 490 F.3d at 829. *See also Access Now, Inc.*, 385 F.3d at 1331.

## VI

We affirm the district court's dismissal of Ms. Smith's disparate-treatment and retaliation claims and grant of summary judgment on Ms. Smith's disparate-impact claims.

**AFFIRMED.**

14