[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11320
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62451-BB

OSCAR NAVIA,

Plaintiff-Appellant,

versus

NATION STAR MORTGAGE LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Oscar Navia, proceeding pro se, appeals the district court's dismissal of his amended complaint, with prejudice, against Nationstar Mortgage LLC (Nationstar).  On appeal, Navia argues that Nationstar violated the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601 et seq., a consumer protection statute that regulates the real estate settlement process, by failing to adhere to the various obligations that the related regulation—Regulation X, 12 C.F.R. §1024.41—imposes upon mortgage loan servicers.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam).  We accept the amended complaint's allegations as true and construe them in the light most favorable to the plaintiff.  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  When evaluating a Rule 12(b)(6) motion to dismiss, the district court can consider documents attached to the motion to dismiss, as well as any documents that the compliant refers to, if they are central to the plaintiff's claim and their contents are

undisputed.  *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam).

The district court did not err in dismissing Navia's complaint for a failure to state a claim.  RESPA's Regulation X places certain obligations on mortgage servicers when a borrower submits a loss mitigation application and lays out distinct procedures and rules for submitting such applications.  *See generally* 12 C.F.R. § 1024.41.  If the borrower submits a complete application more than 37 days before a scheduled foreclosure sale, then ordinarily, the servicer *must* "evaluate the borrower for all loss mitigation options available to the borrower" and provide the borrower with written notice "stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower."  *Id.* § 1024.41(c)(1)(i)–(ii).  But, per the duplicative requests rule, a servicer need not comply with § 1024.41's requirements on subsequent applications if that servicer previously complied with § 1024.41's requirements with regard to a borrower's loss mitigation application.  *See id.* § 1024.41(i) (2014) (providing that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account").[1]

---

[1] This is no longer § 1024.41(i)'s effective language.  *See* 12 C.F.R. § 1024.41(i) (2017).  However, because it was the language in effect when Navia sent Nationstar his additional loan modification requests, we use it to determine Nationstar's liability.  *See Landgraf v. USI Film*

3

As such, Navia's argument that Nationstar violated RESPA because it failed to comply with Regulation X in connection with his subsequent loss mitigation application fails.  Because this was a subsequent application, and Nationstar complied with Regulation X for a previous loss mitigation application, it need not have complied here.  *See id.* § 1024.41(i) (2014).[2]  Accordingly, we affirm the district court.

**AFFIRMED.**

---

*Prods.*, 511 U.S. 244, 264, 114 S. Ct. 1483, 1496 (1994) (stating that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place).

[2] Nationstar asserted, and attached documents to support, that it had previously reviewed, approved, and entered into a loan modification with Navia on May 22, 2014.  *See Fin. Sec. Assurance, Inc.*, 500 F.3d at 1284.