[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12296
Non-Argument Calendar
_____

D.C. Docket No. 1:16-CV-20200-RNS

ESTATE OF FEDERICO OSORIO,
MARTHA C. FAJARDO,
as personal representative of the Estate,

Plaintiffs-Appellants,

versus

MIAMI DADE COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 2, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

The Estate appeals the dismissal with prejudice of their complaint against Miami Dade County for a violation of Title II of the Americans with Disabilities Act ("ADA") and the district court's denial of a motion for rehearing under Rule 59(e) of the Federal Rules of Civil Procedure. 42 U.S.C. § 12132; Fed. R. Civ. P. 12(b)6); Fed. R. Civ. P. 59(e).[1]

We review a district court's grant of a 12(b)(6) motion to dismiss for failure to state a claim *de novo*, "accepting the complaint's allegations as true and construing them in the light most favorable to plaintiff." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). We review the denial of a motion for reconsideration for abuse of discretion. Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001).

This court has never addressed whether police officers can violate Title II of the ADA. However, assuming, *arguendo*, that such a claim is cognizable, we have held that a plaintiff seeking compensatory damages under the ADA must show "discriminatory intent." McCullum v. Orlando Reg. Mid. Healthcare Sys., Inc., 768 F.3d 1135, 1147 (11th Cir. 2014). A party may prove discriminatory intent

---

[1] To the extent Orosio raised other claims below, those have not been addressed on appeal and are waived.

through deliberate indifference, which occurs when "the defendant knew that harm to a federally protected right was substantially likely and ... failed to act on that likelihood." Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 344 (11th Cir. 2012) (emphasis in original) (internal quotation omitted). However, to bring a claim against an entity (such as Miami Dade County) for deliberate indifference under the ADA requires showing "the deliberate indifference of 'an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [organization's] behalf [and who] has actual knowledge of discrimination in the [organization's] programs and fails adequately to respond.' " Id. at 349 (emphasis in original) (quoting Gebser v. Lago Vista Indep. Sch. Dist., 118 S. Ct. 1989, 1999 (1998)).

The district court held that "[t]he Estate has pled no facts to support the . . . existence of a Miami-Dade official who had actual knowledge of the police's discrimination of disabled individuals and failed to act accordingly." We agree. Specifically, the complaint failed to specify a single official who allegedly had authority to address the alleged discrimination, much less knowledge of and deliberate indifference to the alleged discrimination.

On its second claim, the Estate claims that the district court committed "manifest injustice" because it dismissed the Estate's Fourth Amended Complaint for failure to cite the correct statute. On the contrary, despite the Estate's failure to

3

correctly cite Title II of the ADA in its Fourth Amended Complaint, the district court evaluated the complaint in light of a Title II claim. After doing so, the district court held that the complaint failed to state a claim under Title II of the ADA. Because the district court addressed the complaint on the merits, there was no manifest injustice for failure to allow the Estate to further amend the complaint.

Therefore, because of the foregoing reasons, the district court is

**AFFIRMED.**