[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14716
Non-Argument Calendar

_____

D.C. Docket No. 7:20-cv-00075-HL

ALAN RODEMAKER,

Plaintiff-Appellee,

versus

LIZ SHUMPHARD,
in her Individual Capacity,
TYRA HOWARD,
in her Individual Capacity,
KELISA BROWN,
in her Individual Capacity,
WARREN LEE,
in his Individual Capacity,
DEBRA BELL,
in her Individual Capacity,

Defendants-Appellants.

———————————————

Appeal from the United States District Court
for the Middle District of Georgia

———————————————

(June 8, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants—five African-Americans comprising the majority of the

Valdosta Board of Education—appeal the district court's denial of their motions to

dismiss on qualified-immunity grounds in a race discrimination suit brought

against them by Alan Rodemaker—a white football coach whose contract was not

renewed. They contend that they are entitled to qualified immunity because

Rodemaker failed to state a claim that they violated his statutory rights under 42

U.S.C. § 1981 and, alternatively, because the law was not clearly established when

they voted not to renew his contract. After careful review, we vacate and remand.[1]

Rule 12(b)(6) provides for dismissal of a complaint that fails to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must

"give the defendant fair notice of what the claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks

---

[1] We review *de novo* the denial of a motion to dismiss that raises a claim of qualified immunity. *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). We "must accept the factual allegations in the complaint as true, and we must view them in the light most favorable to the plaintiff." *Id.* (quotation marks omitted, alteration adopted).

2

omitted, alteration adopted).  It must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quotation marks omitted).  Additionally, a court need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While the factual allegations in the complaint need not be detailed, "[a] plaintiff survives a motion to dismiss only if his complaint alleges 'sufficient factual matter, accepted as true, that states a claim to relief that is plausible on its face.'" *McCullough*, 907 F.3d at 1333 (alterations adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quotation marks omitted).

Section 1983 of Title 42 of the U.S. Code creates a cause of action for certain plaintiffs whose federal statutory rights have been violated by a state actor. 42 U.S.C. § 1983.  Section 1983 "contains the sole cause of action against state actors for violations of [42 U.S.C.] § 1981," *Butts v. Cnty. of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000), which "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race," *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) (quotation marks omitted, alteration adopted); 42 U.S.C. § 1981.  To state a § 1981

claim, "a plaintiff must identify an impaired contractual relationship under which the plaintiff has rights." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007) (quotation marks omitted, alteration adopted). Section 1981 applies both "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

In an employment-discrimination context, the elements for §§ 1981 and 1983 are identical to those required to prove intentional discrimination under Title VII. *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985). To state a claim under Title VII, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) he was treated less favorably than a similarly-situated individual outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). One key difference, significant here, is that a § 1981 plaintiff "must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (interpreting § 1981); *compare, e.g., Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009) (recognizing that a Title VII

plaintiff need only show that a protected characteristic was a "motivating factor" for an adverse employment action).

Qualified immunity protects a government actor, who was acting within his discretionary authority, from civil damages unless he violated a clearly established statutory or constitutional right. *Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013). After the actor has proved that he was acting within his discretionary authority, the plaintiff must show that (1) the actor violated a statutory or constitutional right and (2) the right was clearly established at the time of the incident. *Id.* We may consider these issues in any order. *Id.* at 272–73.

As an initial matter, we have jurisdiction under the collateral-order doctrine to review whether the defendants here are entitled to qualified immunity, which includes as an element whether Rodemaker stated a claim.[2] *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Hall v. Flournoy*, 975 F.3d 1269, 1276 (11th Cir. 2020).

---

[2] To the extent that Rodemaker relies on facts that are not in the record or that he did not plead in his complaint, we do not consider them. *See Turner v. Burnside*, 541 F.3d 1077, 1086 (11th Cir. 2008); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Furthermore, to the extent that Rodemaker contends that the defendants have raised new issues on appeal, he is incorrect—the defendants have argued throughout this case that he failed to state a claim, even if they have made different subsidiary arguments on appeal. *See In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019) ("If an issue is properly presented, a party can make any argument in support of that issue; parties are not limited to the precise arguments they made below.") (quotation marks omitted, alteration adopted).

As to the merits, Rodemaker does not contest that the defendants acted within their discretionary authority when they voted not to renew his contract. Therefore, the only issues before this Court are whether Rodemaker stated a claim and whether the law was clearly established when the defendants voted not to renew his contract.

Here, Rodemaker has not stated a race discrimination claim under §§ 1981 and 1983. In his complaint, Rodemaker made several conclusory allegations that must be disregarded. *See McCullough*, 907 F.3d at 1333 (explaining that we apply a two-step framework when determining whether a complaint states a claim—first, we identify and disregard any conclusory allegations, and second, we consider whether the remaining allegations state a plausible claim). First, he alleged that the defendants conspired to hold illegal meetings and otherwise violated Georgia's Open Meetings Act, but he failed to explain what the defendants did to violate the Act or how the meetings were illegal, so we cannot take his conclusory allegations to be true. Second, although it appears that the Georgia Fair Dismissal Act (GFDA) provides Rodemaker with procedural protections from removal, Rodemaker did not make any allegations about the GFDA in his complaint, and the district court should not have relied on the GFDA when it is unknown whether Rodemaker took the steps necessary for his GFDA rights to attach.

Disregarding those conclusory allegations, Rodemaker did not plead sufficient facts about the defendants' racially discriminatory intent. He alleged that he was singled out from 150 other employees, but he did not allege any facts about the race, duties, or employment histories of those employees, or even whether the employees also worked at Valdosta High School. He also failed to allege any facts about his replacement, other than that he believed that the defendants intended to replace him with an African-American coach, and he did not allege any facts that showed that he was treated differently from any non-white employees. The mere fact that the school board's vote occurred along racial lines, which Rodemaker emphasizes, does not establish that the defendants discriminated against him because he was white. So in sum, Rodemaker failed to allege sufficient facts to state a racial discrimination claim under §§ 1981 and 1983, including that, but-for his race, the defendants would have renewed his contract.

Because Rodemaker failed to state a claim, the district court erred by not dismissing his complaint.[3] Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[3] Having concluded that the defendants are entitled to qualified immunity because Rodemaker failed to state a claim, we needn't decide whether the law was clearly established.