[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14754
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-22161-RNS

PAMELA TAYLOR,

Plaintiff - Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation
d.b.a. Royal Caribbean International,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Pamela Taylor appeals the district court's order dismissing her amended complaint against Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Taylor argues that she plausibly pled all the elements of her negligence claims against Royal Caribbean and that the district court erred by failing to accept her factual allegations as true and by failing to evaluate all plausible inferences derived from those facts in favor of her, as the plaintiff.  For the reasons stated below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On May 26, 2019, Taylor was a fare-paying passenger aboard one of Royal Caribbean's cruise ships, the *Allure of the Seas* (the "*Allure*"), and she was severely injured when she tripped and fell while disembarking the ship via its gangway. Taylor was taken off the *Allure* for emergency treatment in Broward County, Florida, and Royal Caribbean was made aware of and investigated the incident at the time it occurred.

On May 25, 2020, Taylor, a California citizen, filed a complaint for damages against Royal Caribbean, which has its principal place of business in Miami, Florida, and alleged a single count of negligence.  On June 16, 2020, the district court *sua*

---

[1] Because the procedural posture of this case involves a Rule 12(b)(6) motion, we must accept the allegations of plaintiff's amended complaint as true.  *See Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc).  The facts set forth in this section of the opinion therefore are taken from the amended complaint, which at this procedural stage we must accept as true and construe in the light most favorable to the plaintiff.

*sponte* issued an order striking Taylor's complaint as a shotgun pleading. The district court explained that Taylor had asserted a single negligence count but had alleged "at least nine ways in which [Royal Caribbean] breached its duty of care or was otherwise negligent," some of which were redundant. The district court further explained that, to the extent the theories were separate causes of action, each theory must be asserted independently and with supporting factual allegations. The district court permitted Taylor to file an amended complaint provided that the amended complaint complied with its order, Federal Rules of Civil Procedure 8(a) and 10(b), and the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), on claim plausibility. The district court warned Taylor that failure to comply with its order could result in dismissal with prejudice or "other appropriate sanctions."

On June 23, 2020, Taylor filed her amended complaint and demanded a jury trial. Taylor raised the following negligence claims: (1) negligent failure to warn her of the "dangerous condition of the uneven flooring" of the *Allure*'s gangway, which she described as a ramp; (2) negligent maintenance of the gangway's flooring by Royal Caribbean's employees, agents, and/or independent contractors; and (3) negligent failure to follow various disembarkation policies and procedures. Taylor alleged that Royal Caribbean was aware that due to the large number of passengers getting off of the ship when it returned to its home port, there was a need for it to

3

provide "sufficient warnings, order, and organization so as to maintain a safe and even-flow of passengers" exiting the ship, and that, "with a lack of organization, proper warnings, and direction by crewmembers, passengers can crowd the disembarkation area on the gangway, which can cause jams, slowed exiting, and packed crowds, resulting in potential pushing and shoving and people tripping, falling and injuring themselves on the uneven gangway." Taylor also alleged that Royal Caribbean was aware that "a lack of maintenance and inspection of its gangway flooring and surrounding area create dangerous conditions, which can cause—and have in the past—trip and fall incidents while passengers are walking on the gangway." And Taylor alleged that Royal Caribbean "knew or should have known that the subject gangway was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that gangway aboard the *Allure*" and its other ships.

Royal Caribbean moved to dismiss Taylor's amended complaint on the basis that Taylor failed to allege facts as to how any breach of duty as alleged in her amended complaint proximately caused her injuries, which resulted in her failure to state a claim. Royal Caribbean further argued that the negligent failure to warn count should be dismissed because Taylor failed to allege facts establishing Royal Caribbean had notice of the alleged dangerous condition. Rather, Royal Caribbean

4

asserted that Taylor had alleged mere "generalities divorced from the actual circumstances of her accident." Taylor opposed the motion to dismiss.

On November 19, 2020, the district court granted Royal Caribbean's motion to dismiss Taylor's amended complaint. The district court found that each negligence claim in the amended complaint failed to adequately allege causation, i.e., that the breaches of duty complained of actually and proximately caused Taylor's injuries. As to the negligent failure to warn claim, the district court found that the amended complaint did not affirmatively allege that the purportedly dangerous conditions actually caused Taylor's injuries. Instead, the district court explained that the amended complaint merely alleged hypothetical or potential actions—e.g., crowding on the gangway "*can cause* jams, slowed exiting, and packed crowds, resulting in *potential* pushing and shoving and people tripping," and Royal Caribbean being aware that a lack of maintenance and inspection of gangway flooring and the surrounding area "*can cause*—and have in the past—trip and fall incidents while passengers are walking on the gangway." The district court further found that the amended complaint did not allege that the gangway was in fact "so crowded that [Taylor] could not see its unevenness," how uneven the gangway was, or whether Taylor was actually pushed or shoved by other passengers. "Leaving the causation-in-fact inquiry to guesswork," the district court found, "[fell] short of the pleading standard." The district court also recognized that, even if Taylor had been

injured as a result of being pushed by another passenger, that act would likely be a supervening cause absolving Royal Caribbean of liability.

As to negligent maintenance claim, the district court, accepting Taylor's allegations as true, found that even if Royal Caribbean had breached its duty in reasonably maintaining the gangway's flooring, she failed to allege that Royal Caribbean's failure caused her injuries. The district court explained that Royal Caribbean was "left to guess whether Taylor slipped on substandard treading, lost her balance after her foot fell into one of the 'unreasonably large gaps' [in the flooring], or tripped on a loose screw." While Taylor, in her response to the motion to dismiss, asserted the cause of her injuries was the "unevenness of the gangway flooring surface," the district court found that the complaint failed to allege that Royal Caribbean maintaining the treading, closing gaps, or tightening screws would have removed the unevenness. And, as to the negligent failure to follow policies claim, the district court found the same problems with causation, i.e., that the alleged failure to follow those policies caused her injuries. For example, the district court noted that while Taylor alleged Royal Caribbean allowed too many passengers to carry luggage off the *Allure*, she did not allege that excess luggage on the gangway

caused her injuries.  After the district court entered an order dismissing Taylor's amended complaint against Royal Caribbean, this timely appeal ensued.[2]

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines, Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).

## III.   ANALYSIS

On appeal, Taylor contends that the district court improperly dismissed her amended complaint for failure to state a claim.  She claims that the district court erred by (1) determining that she failed to plausibly allege causation as to her three negligence claims and (2) failing to accept her factual allegations as true and evaluating all plausible inferences derived from those facts in favor of her.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard in Rule 8 "does not require 'detailed factual

---

[2] Following the district court's order, Taylor filed a motion to alter or amend the order pursuant to Federal Rule of Civil Procedure 59(e), noting that her claims could be potentially barred by the statute of limitations if raised in a new action and requesting the district court to reconsider its decision on denying her leave to amend so that she could file a second amended complaint.  The district court denied Taylor's Rule 59(e) motion, and Taylor states in her initial brief that she has elected not to appeal this denial.

7

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro*, 693 F.3d at 1337 (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss" *Id.* (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). To do so, "[a] facially plausible claim must allege facts that are more than merely *possible*," and a plaintiff's factual allegations that are "'merely consistent with' a defendant's liability" will not be considered facially plausible. *Id.* (emphasis added) (quoting *Iqbal*, 556 U.S. at 678). And, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth."[3] *Id.*

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710,

---

[3] Taylor contends that her complaint was only required to give Royal Caribbean "fair notice" of her claim and "the grounds upon which it rests," relying on this Court's decision in *Palm Beach Gulf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015). To the extent she is arguing that she was not required to comply with the plausibility pleading requirements set forth in *Iqbal* and *Twombly*, we reject this argument as contrary to Supreme Court precedent. The majority in *Iqbal* clearly set forth that a claim for relief must be facially plausible, i.e., contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and we are bound to follow *Iqbal* and *Twombly* unless and until the Supreme Court overrules, recedes from, or otherwise alters those pleading standards. *See United States v. Henco Holding Corp.*, 985 F.3d 1290, 1302 (11th Cir. 2021).

720 (11th Cir. 2019); *accord Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900–02 (11th Cir. 2004). We rely on general principles of negligence law in analyzing a maritime tort case. *Chaparro*, 693 F.3d at 1336. "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.* "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara*, 920 F.3d at 720 (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.'" *Id.* (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence").

At issue in this case is whether Taylor plausibly pled the causation element of any of her negligence claims. In her amended complaint, Taylor alleged, as to all of her claims, that: (1) while she was disembarking the *Allure*, "she tripped and fell . . .

on a dangerous condition"; (2) the fall caused her injuries; and (3) Royal Caribbean was "aware that with a lack of organization, proper warnings, and direction by crewmembers, passengers can crowd the disembarkation area on the gangway, which can cause jams, slowed exiting, and packed crowds, resulting in potential pushing and shoving and people tripping, falling and injuring themselves on the uneven gangway" when disembarking the ship. In her negligent failure to warn claim, she alleged that Royal Caribbean's failure to warn her "of the dangerous condition of the uneven flooring" caused her injuries. In her negligent maintenance claim, Taylor alleged that Royal Caribbean's failure to reasonably maintain the gangway flooring by inspecting the gangway for damaged treading, unreasonably large gaps in the flooring, loose screws in the flooring, and structural components of the flooring caused her injuries. And, in her negligent failure to follow policies claim, she alleged that Royal Caribbean's failure to "limit[] the number of passengers exiting the gangway at a single time," to "reduc[e] the flow of passengers' movement" off the ship, to "permit[] too many passengers to carry luggage and other items" off the ship, and to not "hav[e] only the scheduled passengers exit during their proper disembarkation time" caused her injuries.

As to the negligent maintenance claim, we agree with the district court that Taylor has failed to plausibly plead causation. Reviewing her amended complaint and accepting her allegation that Royal Caribbean breached its duty to maintain the

10

gangway flooring as true, Taylor never identifies which one, if any, of Royal Caribbean's alleged maintenance failures—damaged treading, an unreasonably large gap in the gangway flooring, a loose screw in the flooring, or some other condition—caused the alleged unevenness of the gangway flooring. Instead, she merely alleges a possibility—"that a lack of maintenance and inspection of . . . gangway flooring and surrounding area create dangerous conditions, which *can* cause . . . trip and fall incidents while passengers are walking on the gangway"— which does not satisfy the plausibility standard under *Iqbal* and *Twombly*. (emphasis added). In other words, Taylor has failed to plausibly allege what actually and proximately caused her to trip and fall, leaving Royal Caribbean to guess which alleged failure was the cause of her injuries. Therefore, the district court did not err in dismissing the negligent maintenance claim.

We also agree with the district court that Taylor failed to plausibly allege causation as to her negligent failure to follow policies claim. Indeed, Taylor does not allege facts concerning which Royal Caribbean policy that was allegedly not followed caused her injuries. For example, while Taylor alleges that Royal Caribbean allowed passengers to carry excess luggage off the ship, she does not allege facts stating that she tripped and fell over luggage present on the gangway. Similarly, Taylor does not allege facts stating that her injuries were caused by too many passengers exiting the gangway caused her to trip and fall, e.g., passengers

11

either blocking her pathway while disembarking the gangway or pushing and shoving her due to lack of space on the gangway. As the district court noted, the fact that Royal Caribbean did not follow its disembarkation policies and procedures does not, *ipso facto*, mean that the failure to follow policies caused Taylor's injuries. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). And Taylor's allegations that a lack of organization and direction by Royal Caribbean and its crewmembers "*can*" result in passengers crowding the disembarkation area on the gangway and "*can* cause jams, slowed exiting, and packed crowds, resulting in *potential* pushing and shoving and people tripping, falling and injuring themselves on the uneven gangway" does not alone satisfy the plausibility standard. (emphasis added). As such, the district court did not err in dismissing this claim.

Turning to the negligent failure to warn claim, Taylor alleged that Royal Caribbean breached its duty of care to her by failing to warn her of "the dangerous condition of the uneven flooring" of the gangway when she was disembarking the *Allure* and that Royal Caribbean "knew or should have known through the exercise of reasonable care of the dangerous condition." The amended complaint, however, does not provide factual detail as to *how* the gangway flooring was uneven and *how* that unevenness caused Taylor's trip and fall. While a closer call than Taylor's other two negligence claims, we nonetheless find that this "'naked assertion[]' devoid of

12

'further factual enhancement'" is not sufficient to state a plausible claim for relief as to the causation element of Taylor's negligent failure to warn claim. *See id.* (quoting *Twombly*, 550 U.S. at 557). Unlike *Chaparro*, in which this Court found the plaintiffs' negligent failure to warn claim was plausibly alleged, Taylor's amended complaint, as the district court recognized, leaves the causation inquiry to guesswork. *Cf. Chaparro*, 693 F.3d at 1337 (finding plaintiffs' negligent failure to warn claim satisfied *Iqbal* where the complaint alleged that (1) a Carnival employee encouraged plaintiffs to visit a St. Thomas beach known for gang violence, (2) Carnival was aware of the gang violence and knew or should have known that a gang member's shooting and funeral were taking place near that beach, (3) Carnival knew or should have known of those dangers because it monitored crime in its ports of call, and (4) Carnival's negligence in encouraging passengers to visit that beach and failing to warn those passengers of those dangers caused the death of plaintiffs' family member while on a bus leaving that beach).

For example, the amended complaint at one point describes the gangway as a ramp, i.e., a sloped surface that would seemingly, by definition, be uneven. In other portions of the amended complaint, however, Taylor's allegations seem to suggest that the "dangerous condition" of the uneven gangway may have been possibly caused either by Royal Caribbean's "lack of maintenance and inspection of its gangway flooring" or by too many passengers crowding the gangway, preventing

13

Taylor from noticing the gangway's unevenness or, alternatively, resulting in Taylor being pushed and shoved such that she tripped and fell on the gangway's unevenness.  Yet, despite mentioning these possibilities, Taylor's amended complaint never ultimately identifies the cause of her injuries but for the general allegation of the gangway's unevenness that she asserts, by itself, was dangerous.[4] And by failing to allege what caused the gangway's unevenness and how that unevenness caused her injury other than the fact that Taylor tripped and fell while walking on the gangway, we are only left to guess what warnings Royal Caribbean could have given as to the gangway's unevenness and whether the failure to provide such warnings was the proximate cause of Taylor's injuries.  Thus, the district court did not err in dismissing this claim for failure to state a plausible claim for relief.

## IV.   CONCLUSION

Accordingly, the district court did not err in dismissing Taylor's amended complaint, and we affirm its dismissal order.

**AFFIRMED.**

---

[4] Although Taylor argues on appeal that her amended complaint alleged that the "gangway was crowded (and therefore [she] could not see the unevenness of the gangway)," as explained above, a review of the amended complaint refutes this argument.

14