[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14205
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24013-DPG

PHILLIP TORRES,

　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY, FLORIDA,

　　　　　　　　　　　　　　　　　　　Defendant-Appellee,

ERIC A. RODRIGUEZ,

　　　　　　　　　　　　　　　　　　　Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

　　Phillip Torres, proceeding *pro se*, appeals the dismissal of his second

amended complaint against his employer, Miami-Dade County (the "County").

Liberally construing Torres's brief on appeal, he argues that the district court erred by narrowly construing his second amended complaint, and that he intended to bring a claim for whistleblower retaliation under the Supreme Court's decision in *Lane v. Franks*, 573 U.S. ___, 134 S. Ct. 2369 (2014), which concerned First Amendment retaliation claims under 42 U.S.C. § 1983. After careful review, we conclude that the district court should have construed Torres's second amended complaint as raising a First Amendment retaliation claim under § 1983, so we vacate and remand for further proceedings consistent with that construction.

## I.

According to Torres's second amended complaint, the operative pleading in this case, Torres has worked as an engineer in the County's Water and Sewer Department since 1993. In 2010, the County, citing difficult financial conditions, eliminated his supervisory position and classification as Senior Professional Engineer, which resulted in a salary cut of over $30,000 per year. Since then, the County's financial condition has improved, and it has reinstated many engineers, some with far less experience than he, to their former positions and classifications. But it has not reinstated him to his former position and classification, leaving him with a permanent demotion and salary cut.

Torres described the County's actions as "ongoing whistleblower retaliation," primarily in relation to complaints he filed with the Miami-Dade State

2

Attorney in September 2013 and with the County's Deputy Mayor in January 2014. He said that, in submitting those complaints, he believed he was "bringing to light acts of mismanagement, corruption, and wasteful spending." He also submitted complaints with the Office of Human Rights and Fair Employment Practices in August 2013 and with the EEOC in March 2014. Torres alleged that he had "only received retaliation" in response to this "protected activity."

The second amended complaint listed two specific counts. First, Torres alleged that the County had violated his right to be free of retaliation for "blowing the whistle" on the County's "official misconduct, corruption[,] and wrongdoing." He claimed that this right was protected by 5 U.S.C. § 9701. Second, he claimed that the County violated the Florida Whistleblower's Act, Fla. Stat. § 447.102, and the Miami-Dade County Code.

The County moved to dismiss. It argued that § 9701 related to the Department of Homeland Security only and did not provide a retaliation action by an employee against a municipal employer, and that Torres failed to exhaust his administrative remedies for his state-law claims.

Torres responded to the County's motion by citing the Supreme Court's ruling in "No. 13-483, 573 U.S. — 2014," which appears to be *Lane v. Franks*, 573 U.S. ___, 134 S. Ct. 2369 (2014). He contended that the Supreme Court's ruling granted federal whistleblower protection and that it applied to public employees

when blowing the whistle on matters that concern the public welfare.  He said he was "also protected" by § 9701.  And he disputed the County's assertion that he failed to exhaust his administrative remedies for the state-law claims.

The district court dismissed Torres's second amended complaint.  First, the court found that § 9701 had no application to Torres because he was not an employee of the Department of Homeland Security.  Second, having dismissed the federal claim, the court declined to exercise jurisdiction over his state-law claims.  Torres now appeals the dismissal of his second amended complaint.[1]

## II.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  We liberally construe documents filed by *pro se* parties.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

A liberal construction of Torres's brief on appeal reveals that he argues the district court erred in narrowly construing his claim as based solely on 5 U.S.C. § 9701.  He states that, in light of the Supreme Court's decision in *Lane v. Franks*,

---

[1] Torres has abandoned any challenge to the dismissal of his first two complaints by failing to address those rulings on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

he was protected as a public employee speaking as a private citizen on matters concerning the public welfare.  He maintains that, in citing to § 9701, he intended to invoke the federal protections recognized by the Court in *Lane*, and that the district court violated *Lane* by dismissing his complaint.

All pleadings "must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  That command applies with greatest force in cases filed by *pro se* litigants, whose filings are liberally construed and whose complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted).

Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations.  *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("[F]ederal courts must look beyond the labels of motions filed by *pro se* inmates to interpret them under whatever statute would provide relief.").  The Supreme Court has noted that the purpose of looking beyond the label a *pro se* litigant attaches to a pleading is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* [pleading]'s claim and its underlying legal basis."  *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted); *see also Brooks v. Blue Cross & Blue*

*Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997) ("A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) ("[T]echnical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized by the district court to determine if any legally cognizable claim can be found within the four corners of the plaintiff's document.").

Initially, we agree with the district court, and Torres appears to concede, that Torres cannot proceed under 5 U.S.C. § 9701, which was the specific statute he cited as the legal basis for his federal-whistleblower retaliation claim. That statute applies to the Department of Homeland Security only and does not authorize a private cause of action. However, Torres's inaccurate labeling of the legal basis for his claim is not fatal in this particular case.

A liberal construction of Torres's complaint reveals that he attempts to raise a First Amendment retaliation claim, which is a cognizable claim under 42 U.S.C. § 1983. Government employers may not demote or discharge public employees in retaliation for speech protected by the First Amendment. *Alves v. Bd. of Regents of the Univ. Sys. of Ga.*, 804 F.3d 1149, 1159 (11th Cir. 2015). For his speech to be protected, the employee must show that he spoke (1) as a citizen, rather than an

employee, and (2) on a matter of public concern. *Id.* at 1160. Whether an employee is speaking as a "citizen" depends primarily, though not exclusively, on "whether the employee's statements or expressions were 'made pursuant to [her] official duties.'" *Id.* at 1161 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006)). Matters of "public concern" are those that are "subject[s] of general interest and of value and concern to the public." *Lane,* 134 S. Ct. at 2380. Such matters may include "corruption in a public program and misuse of state funds." *Id.* ("The content of Lane's testimony—corruption in a public program and misuse of state funds—obviously involves a matter of significant public concern.").

The allegations in Torres's second amended complaint attempt to invoke the First Amendment, as evidenced by his citation to *Lane* in response to the County's motion to dismiss. Torres alleged that he was a public employee who was retaliated against by the County for the "protected activity" of "blowing the whistle" on the County's wrongdoing, corruption, official misconduct, and wasteful spending of governmental resources. According to Torres, his protected activity included sending written complaints to the Miami-Dade State Attorney and the County's Deputy Mayor. Further, Torres alleged that, because of his protected activity, the County denied him reinstatement to his former position while, at the same time, reinstating other, less qualified, engineers.

7

The district court should have considered whether these allegations, liberally construed, are cognizable as a claim for retaliation in violation of the First Amendment and are sufficient to provide fair notice of that claim.[2]  *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) ("[A]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."); *cf. Carollo v. Boria*, 833 F.3d 1322, 1328–35 (11th Cir. 2016) (addressing a First Amendment retaliation claim at the motion-to-dismiss stage).  Accordingly, the district court should have addressed Torres's claim for "whistleblower retaliation" as alleging a § 1983 claim for retaliation in violation of the First Amendment in order "to create a better correspondence" between the substance of Torres's claim and its underlying legal basis.  *See Castro*, 540 U.S. at 381–82.  We therefore vacate and remand for further proceedings consistent with construing Torres's complaint as raising such a claim.[3]

**VACATED AND REMANDED**.

---

[2] To be clear, we do not decide that Torres's allegations are sufficient to state a plausible claim to relief.  We decide only that the district court erred in failing to address his allegations as a claim alleging First Amendment retaliation under 42 U.S.C. § 1983.

[3] Because the district court's decision to dismiss Torres's state claims was contingent on its dismissal of his federal claim, we likewise vacate the dismissal of the state claims.