[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10986
_____

D.C. Docket No. 8:17-cv-02229-SDM-AEP

CARMEN ELENA MONTEILH CHAVARRIA,

Plaintiff-Appellant,

versus

INTERGRO, INC.,
TIMOTHY DOLAN,
FELIX RENTA,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 27, 2020)

Before ED CARNES, Chief Judge, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Carmen Elena Monteilh Chavarria sued her employer Intergro, Inc., Intergro's owner, and her supervisor.  She alleged that Intergro, which is based in Honduras, and the other defendants committed negligence, breach of contract, and intentional infliction of emotional distress there.  Seven months after filing suit — and after relying on Florida law in two complaints and in a response to the defendants' motion to dismiss — Chavarria filed a motion asking the court to rule that Honduran law instead of Florida law controlled the claims.  The district court denied that motion, ruled that Florida law applied, and on the basis of Florida law granted the defendants' motion to dismiss two of the claims and their motion for summary judgment on the remaining claim.  It entered final judgment for the defendants.

Chavarria appeals.  She argues to us that the district court erred in applying Florida law instead of Honduran law.  But she did not raise that issue in a timely fashion in the district court.  As a result, it was not preserved and is not properly before us.  And she has not argued to us that, assuming Florida law applies, the district court erred in granting the defendants' motions to dismiss and for summary judgment, so she has forfeited any argument about that.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

I.

2

Chavarria worked in La Lima, Honduras for Intergro, Inc., a Honduran company.  She seriously injured her eye in January 2015 during a whitewater rafting trip that was part of a company training event.  Intergro refused to pay for her "medical expenses, any lost wages, any pain and suffering, [or] anything else related to [her] injury."  Not only that but Intergro also fired Chavarria in May 2016.  Her contract of employment did not provide any severance pay and she received none.

Chavarria filed a lawsuit in the Middle District of Florida in September 2017, naming as defendants: Intergro; Timothy Dolan, the owner of the company; and Felix Renta, her supervisor.  Her complaint included the following introduction:

> This is an action for personal injury brought under Florida Stat. §768.041 - §768.81 et seq. ("Negligence"), for the Intentional Infliction of Emotional Distress brought under Florida common law ("IIED"), and for breach of contract pursuant to non-payment of employment termination benefits under Florida common law.

 (emphasis added).  Count I was titled "NEGLIGENCE OF ALL DEFENDANTS [Under Florida Common Law]," and alleged that they negligently allowed the whitewater rafting company to "make the decision as to what protective equipment to provide."  (emphasis added).  Count II was titled "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ALL DEFENDANTS [Under Florida Common Law]," and alleged that the defendants' "intentional refusal to pay [Chavarria's] lost wages, medical expenses, and other benefits, as required by

Honduran law . . . caused [her] emotional distress." (emphasis added). And Count III was titled "BREACH OF CONTRACT INTERGRO [Under Florida Common Law]" and alleged that Honduran law required severance payment and that failing to abide by that requirement amounted to a breach of contract under Florida law. (emphasis added).

The three defendants moved for a more definite statement. In response, Chavarria filed the first amended complaint. In that complaint she included the same introduction and the same three claims and noted that each was brought under Florida common law.

The defendants moved to dismiss the first amended complaint, and Chavarria filed a response in opposition to the defendants' motion to dismiss. In that response she relied on the substantive law of Florida, not the substantive law of Honduras, in arguing that she had satisfied the pleading standard under Federal Rule of Civil Procedure 12(b)(6).

Five months later, but before the motion to dismiss was decided, Chavarria filed a "motion for choice of law." In it she contended that under Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941), federal courts must apply the choice of law analysis of the states where they sit, so the Florida choice of law rules applied to her lawsuit. And, she argued, under the Florida choice of law rules, Honduran substantive law controls, not Florida law.

4

In denying that motion, the district court ruled that Florida substantive law controlled.  It noted that a party can waive application of non-forum law by failing to timely raise it, and found that:

> In both the complaint and the amended complaint, the plaintiff asserts emphatically (and highlights in bold) that each claim is brought under Florida common law.  The plaintiff's response to the motion to dismiss is based entirely on Florida law.  Seven months elapsed between the day the plaintiff sued and the day the plaintiff moved for "choice of law."  Because the plaintiff failed to give timely notice of the claimed applicability of foreign law, she has waived her right to assert that Honduran law governs her claims.

In that same order the court also dismissed the intentional infliction of emotional distress claim as to all three defendants and dismissed the contract claim against Dolan and Renta.[1]  The court also ordered Chavarria to file a second amended complaint and to provide a more definite statement about the breach of contract claim.

In response Chavarria filed the second amended complaint, which contained only a negligence claim against Intergro, Dolan, and Renta and a breach of contract claim against only Intergro.  It included an introduction stating that "[t]his is an action for personal injury brought under Florida Stat. § 768.041 - § 768.81 et seq. ('Negligence'), and for breach of contract pursuant to non-payment of employment

---

[1] Although the district court dismissed the contract claim against Dolan and Renta, the first amended complaint does not appear to have asserted a contract claim against them, but against only Intergro.

5

termination benefits under Florida common law." And the title of each count stated in bold that it was brought "Under Florida Common Law."

The defendants moved to dismiss the breach of contract claim under Rule 12(b)(6) and moved for summary judgment on the negligence claim. The district court granted those motions relying on Florida law. Chavarria appeals.

## II.

Chavarria contends that the district court erred in applying Florida law to both the negligence and breach of contract claims and asks us to reverse the district court's grant of the defendants' motion to dismiss and motion for summary judgment and to remand for the district court to apply Honduran law. We review de novo both a district court's grant of a motion to dismiss and a district court's grant of summary judgment. See Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012) (motion to dismiss); Jefferson v. Sewon Am., Inc., 891 F.3d 911, 919 (11th Cir. 2018) (summary judgment).

Chavarria's contention that Honduran law should apply fails on appeal for the same reason it failed in the district court: the application of non-forum law can be waived. "Under our precedents, a party waives its opportunity to rely on non-forum law where it fails to timely provide — typically in its complaint or the first motion or response when choice-of-law matters — the sources of non-forum law on which it seeks to rely." Sun Life Assurance Co. of Can. v. Imperial Premium Fin.,

6

LLC, 904 F.3d 1197, 1208 (11th Cir. 2018).  In <u>Sun Life</u>, we noted that the plaintiff failed to plead that non-forum law applied and "seemed quite content early in the litigation with the application of Florida law" because its primary argument relied on Florida law.  <u>Id.</u> at 1209.  Based on those facts, we held that the plaintiff waived its ability to rely on non-forum law.  <u>Id.</u>

Chavarria, like the plaintiff in <u>Sun Life</u>, failed to raise the choice of law issue in her pleadings or in the first responsive brief where choice of law mattered, which was her opposition to the defendants' motion to dismiss.  And like the plaintiff in <u>Sun Life</u>, she "seemed quite content early in the litigation with the application of Florida law."  <u>Id.</u>  In fact, in all three of her complaints filed in this case — including the second amended complaint, which was filed after the court ruled on the choice of law motion — Chavarria explicitly stated that she brought her claims under Florida law.  <u>See</u> Supra at 3–5.  By only belatedly suggesting that Honduran law applied, she waived that issue.

Chavarria asserts that in ruling she had waived the Honduran law issue, the district court conflated two different choice of law rules.  She argues that use of non-forum law can be waived under Federal Rule of Civil Procedure 44.1, but that it cannot be waived under <u>Klaxon</u>, 313 U.S. at 496, which held that when a district court is sitting in diversity it must apply the rules of the state in which it sits for choice of law disputes.  But there was no waiver issue in <u>Klaxon</u>; it involved a

7

choice of law issue that was timely raised and properly preserved.  In contrast, where a choice of law issue is not timely raised and preserved in the district court, waiver applies.  See Sun Life, 904 F.3d at 1208.

Because Chavarria's appeal depends on an issue that she waived in the district court, she cannot prevail here.  See Wright v. Hopper, 169 F.3d 695, 708 (11th Cir. 1999) ("We will not consider claims not properly presented to the district court and which are raised for the first time on appeal.").[2]

**AFFIRMED.**[3]

---

[2] Chavarria attempted to sue the defendants in Honduras, but putative defendant Dolan refused to answer the summons.  Chavarria says that at the time that this case was pending, she was in the process of requesting letters rogatory from the Honduran Supreme Court.  The district court agreed to accept those letters but they had not arrived at the time that court entered its final judgment.  In her brief here, Chavarria asks us, if those letters arrive, to "take judicial notice of [the letters] and act accordingly given the reciprocity that exists between the U.S. and Honduras." She has not explained what "act accordingly" means. Since no letters rogatory have been submitted to us, we assume they have not arrived, and we have no occasion to decide whether we could or should take judicial notice of them.

[3] This case was originally scheduled for oral argument, but the panel unanimously decided that it was not necessary.  See 11th Cir. R. 34-3(f).  Chavarria moved to delay oral argument. Because we are issuing this opinion without oral argument, that motion is **DENIED AS MOOT.**