[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11323

Non-Argument Calendar

_____

DAVID BRYAN CRESPO,

Plaintiff-Appellant,

*versus*

STATE OF GEORGIA,
ALEX STONE,
District Attorney, Walton County, Alcovy Judicial Circuit,
LAYLA H ZON,
Assistant District Attorney, Walton County, Alcovy Judicial Circuit,
BRIAN GRANGER,
Assistant District Attorney, Walton County, Alcovy Judicial Circuit,
JOE CHAPMAN,

2                Opinion of the Court                21-11323

Sheriff, Walton County, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:20-cv-00038-CAR

————————————

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

David Bryan Crespo, proceeding *pro se*, appeals the district court's grant of the defendants' motions to dismiss his 42 U.S.C. § 1983 complaint bringing claims of false arrest and malicious prosecution. He argues that the defendants maliciously prosecuted him on a rape charge of which he was found innocent by jury. Because each of these claims are precluded by the defendants' absolute or qualified immunity, and because there was sufficient probable cause to initiate criminal process against Crespo, we affirm.

## I.

In March 2016, Jeri Blakeman and her husband filed a criminal complaint with the Sheriff's Office of Walton County, Georgia, alleging that Crespo had raped her. A year after the Blakemans filed

their complaint, Crespo was charged with rape and arrested. Crespo then posted bail and was placed under house arrest with an electronic ankle monitor. He alleges that, while he was under house arrest, the defendants repeatedly harassed his pregnant girlfriend and caused her to miscarry their unborn child. The defendants also denied him permission to visit his girlfriend in the hospital.

In April 2017, the defendants obtained a grand jury indictment against Crespo. But he alleges that, during the grand jury process, the defendants ignored and concealed evidence, including that Blakeman had a history of making false rape accusations. Crespo was tried for rape in October 2019, and the jury acquitted him.

Crespo later filed a *pro se* action under 42 U.S.C. § 1983 for false arrest and malicious prosecution against the State of Georgia, the prosecuting attorneys, Walton County, various personnel from the Sheriff's Office, Eric Yarbrough (an investigator for the District Attorney's office), and the Blakemans. The district court later permitted him to amend his complaint to add claims for feticide under Georgia law.

The defendants moved for dismissal, which the district court granted. It first concluded that Crespo's false arrest claims were time-barred, and that they were improper because he was arrested under a warrant.

As for the malicious prosecution claims, the court determined that the State of Georgia and the state officials acting in their

official capacities were entitled to sovereign immunity. It also held that Walton County could not be liable for the actions of the prosecutors or the Sheriff's Office personnel because they were functioning as state actors. The court then held that the prosecutors had absolute prosecutorial immunity against claims of malicious prosecution in their individual capacity. And it concluded that Crespo failed to state a claim of malicious prosecution against the remaining defendants in their individual capacities because none of them instituted or influenced his prosecution, and because he was prosecuted with probable cause. It likewise held that the Blakemans could not be sued under Section 1983 because they were private citizens, not state actors. Finally, the district court dismissed Crespo's state-law claims without prejudice because it was dismissing all claims over which it had original jurisdiction. Crespo now appeals.

## II.

We review *de novo* a district court's grant of a motion to dismiss, "accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). We liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.

On appeal, Crespo argues that the district court erred in dismissing his claims for malicious prosecution against the prosecuting attorneys, Yarbrough, and the Sheriff's Office personnel.

His initial brief does not challenge the district court's holdings that his false arrest claims were improper and time-barred, that the State of Georgia and state officials acting in their official capacities were entitled to Eleventh Amendment sovereign immunity, that Walton County could not be liable for malicious prosecution based on the acts or omissions of state actors, that the Blakemans could not be liable under Section 1983 as private citizens, or that Crespo's state-law claims should be dismissed on jurisdictional grounds. He has therefore abandoned all those issues. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014) (holding that a party abandons a claim or issue by failing to raise it "plainly and prominently" in his initial brief). We accordingly limit our discussion to Crespo's malicious prosecution claims against the prosecutors, Yarbrough, and the Sheriff's Office personnel in their individual capacities.

We first address Crespo's malicious prosecution claims against the prosecutors—Zon, Fletcher, Stone, and Granger. Crespo argues that these individuals were not entitled to prosecutorial immunity because they lied and presented fabricated evidence

6                    Opinion of the Court                    21-11323

before the grand jury and the trial court. But those allegations, even if true, do not overcome the prosecutors' immunity. "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). That function includes seeking an indictment and presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)); *Malley v. Briggs*, 475 U.S. 335, 343 (1986). And when acting in such a capacity, prosecutors are immune even for presenting false testimony and suppressing evidence. *Imbler*, 424 U.S. at 416, 430; *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002). Because Crespo alleges only that the prosecutors engaged in such misconduct in their capacities as advocates, the district court correctly held that they are entitled to absolute immunity.

We next consider Crespo's malicious prosecution claims against Yarbrough and certain officers from the Sheriff's Office. It is undisputed that all these individuals were law enforcement officers acting within their discretionary authority. So they are each entitled to qualified immunity unless Crespo shows that (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time of the alleged violation. *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019).

Crespo's malicious prosecution claims fail to meet the first of these requirements. "A claim of malicious prosecution under the

Fourth Amendment is only 'shorthand' for a claim of deprivation of liberty pursuant to legal process, so the validity of these claims depends on whether the seizure was justified . . . ." *Laskar v. Hurd*, 972 F.3d 1278, 1292 (11th Cir. 2020). Accordingly, the plaintiff must prove, among other things, that the defendants "instituted criminal process against him 'with malice and without probable cause.'" *Id.* at 1284 (quoting *Paez*, 915 F.3d at 1285). Where an arrest warrant is concerned, the plaintiff must "must establish either 'that the officer who applied for the warrant should have known that his application failed to establish probable cause' or 'that an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support the warrant.'" *Id.* at 1296 (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020)).

"Probable cause 'is not a high bar.'" *Paez*, 915 F.3d at 1286 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). It "requires only a probability or substantial chance"—not "convincing proof"—of criminal activity. *Id.* (quoting *Wesby*, 138 S. Ct. at 586; *Manners v. Cannella*, 891 F.3d 959, 968 (11th Cir. 2018)). To establish probable cause, an officer need not "sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed." *Id.* at 1286 (quoting *Dahl v. Holley*, 312 F.3d 1228, 1234 (11th Cir. 2002), *abrogated on other grounds by Lozman v. City of Riviera Beach*, 138 S. Ct. 1945 (2018)). "Generally, an officer is entitled to rely on a victim's criminal complaint

as support for probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998).

Crespo has failed to adequately allege that Yarbrough or any of the Sheriff's Office defendants maliciously prosecuted him. As an initial matter, he does not specify which of these defendants instituted or continued criminal process against him. But in any event, the seizure and later indictment were apparently based in part on a criminal complaint by Jeri Blakeman stating that Crespo had raped her. This criminal complaint established probable cause, which is fatal to Crespo's malicious prosecution claims. *See Laskar,* 972 F.3d at 1284; *Rankin*, 133 F.3d at 1441.

Still, Crespo alleges that Blakeman had a history of making false rape accusations. And he alleges that "the Defendants" ignored and concealed this fact before charges were filed. But even if Blakeman's alleged history of false accusations had been disclosed to the judge issuing the warrant and later to the grand jury, it would not have negated a finding of probable cause. The officers did not need to present "convincing proof" of Crespo's guilt, and the criminal complaint raised a sufficiently "substantial chance" of criminal activity to support probable cause. *See Paez*, 915 F.3d at 1286. And in initiating criminal process, the officers were not required to "sift through conflicting evidence" to determine Blakeman's credibility. *See Dahl*, 312 F.3d at 1234. Because probable cause existed, Crespo has failed to allege that he was maliciously prosecuted in violation of his Fourth Amendment rights. *See Laskar*, 972 F.3d at 1284. The defendant officers are therefore entitled

21-11323              Opinion of the Court                    9

to qualified immunity, and the district court correctly granted dismissal.

## IV.

**AFFIRMED**.