**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13008
Non-Argument Calendar

————————————

DANIEL DEWAYNE CONNER,

*Plaintiff-Appellant,*

*versus*

SEAN P. COSTELLO,
  in his individual and official capacities,
U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT
OF ALABAMA,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cv-00373-TFM-MU

————————————

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Conner, proceeding pro se, appeals the dismissal of his complaint alleging that the United States Attorney ("USA") Sean Costello and the United States Attorney's Office for the Southern District of Alabama ("USAO") violated his Fifth Amendment Due Process rights, and multiple criminal statutes, by prosecuting him under an indictment that was invalid because Costello's appointment violated the Appointments Clause.  He argues that Costello's appointment under 28 U.S.C. § 546(d) was invalid, thereby nullifying his indictment and conviction, and that § 546(d) is facially unconstitutional.

Summary disposition is appropriate where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the allegations as true and construing them in the light most favorable to the nonmovant. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  "[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (italics omitted).  We

25-13008                 Opinion of the Court                 3

may affirm a dismissal on any ground that the record supports. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

We liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But a pro se appellant abandons a claim where he fails to raise it in his opening brief on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). A pro se litigant may not represent anyone but himself in court. *Wheat v. United States*, 486 U.S. 153, 159 (1988).

To establish that he has standing to sue in federal court, a plaintiff must show that: (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1273-74 (11th Cir. 2001). "Even where constitutional standing exists, prudential considerations may themselves preclude standing." *Id.* at 1273 n.12. A plaintiff shows an "injury in fact," through a "concrete and particularized," "actual or imminent," "invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks omitted).

Language customarily found in criminal statutes is typically insufficient to confer a federal civil right of action. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1167 n.7 (11th Cir. 2003).

A district court lacks jurisdiction over a criminal case when the government "lacked power to prosecute the defendant."

*Suescun*, 237 F.3d at 1287 (quotation marks omitted).  The government's power to prosecute, however, does not turn on whether a USA was appointed under the Appointments Clause.  *Id.*  Suescun argued that his indictment was null because it was obtained by a temporary USA who was not appointed under the Appointments Clause.  *Id.* at 1286.  Even if we assume that an appointment is invalid, it does "not deprive the district court of jurisdiction to entertain the case and to adjudicate [a defendant] guilty."  *Id.* at 1288.

In *Ryder v. United States*, the Supreme Court held that the affirmance of a court-martial conviction was invalid where two civilian Coast Guard Court of Military Review ("CGCMR") judges were not appointed in accordance with the Appointments Clause. 515 U.S. 177, 179, 187-88 (1995).  It held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate." *Id.* at 182-83.  In *Lucia v. SEC*, the Supreme Court applied the same rule to reverse and remand an order of sanctions because the administrative law judge who issued the order, as a principal officer of the United States, was not properly appointed under the Appointments Clause.  585 U.S. 237, 251-52 (2018).

In *United States v. Arthrex, Inc.*, the Supreme Court reaffirmed that inferior officers are those subject to direction and supervision of a principal officer appointed under the Appointments Clause. 594 U.S. 1, 27 (2021).  It held that administrative patent judges

("APJ"), as inferior officers under the Appointments Clause, improperly exercised unreviewable power, stating that "the buck stops with the APJs" who are not "'meaningfully controlled'" by a threat of removal from office. *Id.* at 17, 23 (citing *Seila Law LLC v. CFPB*, 591 U.S. 197, 224-25 (2020) (analyzing the propriety of an agency structure with an unremovable single director)).

As an initial matter, to the extent that Conner alleged violations of 18 U.S.C. §§ 241-242 at the district court, he has not briefed this issue on appeal and therefore abandoned it. *Campbell*, 760 F.3d at 1168-69; *Sapuppo*, 739 F.3d at 681. Moreover, he cannot bring civil claims based on criminal statutes that do not authorize a civil cause of action. *Shotz*, 344 F.3d at 1167 n.7.

Here, we conclude that summary affirmance is warranted because the government has met its burden of showing that its position is correct as a matter of law. *Groendyke*, 406 F.2d at 1162. *Suescun* is binding under the prior-panel-precedent rule, as neither we nor the Supreme Court have abrogated or overruled it. *Archer*, 531 F.3d at 1352. The Supreme Court cases Conner cites are not on point. *Compare Suescun*, 237 F.3d at 1287, *with Ryder*, 515 U.S. at 182-83, *Lucia v. SEC*, 585 U.S. at 251-52, *Arthrex*, 594 U.S. at 23, *and Seila Law*, 591 U.S. at 224-225. Applying *Suescun*, the district court's power to prosecute Conner did not turn on whether Costello was appointed under the Appointments Clause. *Suescun*, 237 F.3d at 1287. Even if we were to assume that Costello's appointment was invalid, this would not deprive the district court of its jurisdiction to adjudicate Conner guilty. *Id.* at 1288.

Conner's claim that § 546(d) is facially unconstitutional fails because *Suescun* demonstrates his lack of standing to bring such a claim. *Wooden*, 247 F.3d at 1273-74; *Suescun*, 237 F.3d at 1288. As a pro se litigant, Conner cannot bring claims on behalf of anyone but himself. *Wheat*, 486 U.S. at 159. The only injury that he suffered rests on his prosecution, which would have continued irrespective of the validity of Costello's appointment under § 546(d). *Wooden*, 247 F.3d at 1273-74; *Lujan*, 504 U.S. at 560-61; *Suescun*, 237 F.3d at 1288.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**